UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL LOTT,<br><br>　　　　　　Defendant. | No. 2:12-CR-00169-MCE<br><br>**ORDER** |

　　　　Defendant Michael Lott ("Defendant") was convicted of Conspiracy to Distribute and Possess With Intent to Distribute MDMA and Marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1) and Conspiracy to Distribute and Possess With Intent to Distribute Crack Cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) after he pled guilty pursuant to a Rule 11(c)(1)(C) plea agreement.  Under the terms of that agreement, Defendant was sentenced to 168 months of imprisonment.  Presently before the Court is Defendant's Motion to Reduce Sentence.  ECF No. 466.  This matter was referred to the Office of the Federal Defender, which subsequently filed a notice indicating that it would not be supplementing Defendant's motions.  ECF No. 501.  The Government opposes Defendant's request.  ECF No. 526.  For the reasons that follow, that Motion is DENIED.

///

///

Defendant seeks to reduce his sentence in light of the United States Sentencing Commission's passage of Amendment 782. Generally, Amendment 782 revised downward by two levels the Drug Quantity Table in U.S.S.G. § 2D1.1. Although Amendment 782 became effective November 1, 2014, it applies retroactively. See U.S.S.G. § 1B1.10(d), (e)(1).

Defendant's Motion fails at the outset because "[w]hen the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." Dillon v. United States, 560 U.S. 817, 821 (2010) (emphasis added). The sentence imposed in this case, however, was not based on a particular sentencing guidelines range and was instead based on a binding 11(c)(1)(C) agreement. See United States v. Austin, 676 F.3d 924, 930 (9th Cir. 2012). This is because "'the term of imprisonment . . . is, for purposes of § 3582(c)(2), 'based on' the agreement itself,' and 'the mere fact that the parties . . . may have considered the Guidelines in the course of their negotiations does not empower the court under § 3582(c)(2) to reduce the term of imprisonment they ultimately agreed upon.'" Id. at 928 (quoting Freeman v. United States, 564 U.S. 522, 534-37 (2011) (Sotomayor, J., concurring)). There are exceptions to this general rule, but neither apply here because Defendant's agreement does not "call[] for the defendant to be sentenced within a particular Guidelines sentencing range" or "make clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." See id. at 928 (quoting Freeman, 564 U.S. at 538-39 (Sotomayor, J., concurring)). In fact, Defendant's agreement makes no mention of any guidelines range whatsoever.

///
///
///
///
///

1  Accordingly, because Defendant's sentence was based on his binding 11(c)(1)(C)
2 plea agreement and not based on a sentencing guidelines range, this Court lacks
3 jurisdiction to modify his sentence and his Motion (ECF No. 466) is DENIED.
4  IT IS SO ORDERED.
5 Dated: April 27, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT