UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:12-CR-00169-MCE |
| Plaintiff, | |
| v. | **ORDER** |
| MICHAEL LOTT, | |
| Defendant. | |

Defendant Michael Lott ("Defendant") was convicted of Conspiracy to Distribute and Possess with Intent to Distribute MDMA and Marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1) and Conspiracy to Distribute Possess With Intent to Distribute Crack Cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) after he pled guilty pursuant to a Rule 11(c)(1)(C) plea agreement. Under the terms of that agreement, Defendant was sentenced to 168 months of imprisonment. On July 29, 2015, Defendant filed a Motion to Reduce Sentence, which this Court denied on the basis that Defendant was ineligible for relief because his sentence was based on his 11(c)(1)(C) agreement and not on the guidelines. ECF Nos. 533. Given a subsequent change in this case law, this Court ordered further briefing on Defendant's Motion. ECF Nos. 537, 552.[1] For the

---

[1] The Office of the Federal Defender responded to the legal question posed, but declined to supplement Defendant's original Motion. ECF No. 552.

1

reasons that follow, the Court affirms its prior denial of Defendant's Motion.

Defendant seeks to reduce his sentence in light of the United States Sentencing Commission's passage of Amendment 782. Generally, Amendment 782 revised downward by two levels the Drug Quantity Table in U.S.S.G. § 2D1.1. Although Amendment 782 became effective November 1, 2014, it applies retroactively. See U.S.S.G. § 1B1.10(d), (e)(1).

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." Dillon v. United States, 560 U.S. 817, 821 (2010). "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." Id. "The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'" Id. (quoting U.S.S.G. § 1B1.10(b)(1)). Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted "'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" Id. at 822. "Except in limited circumstances, however, § 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of the amended guideline range.'"[2] Id. In addition, "a reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Until recently, defendants who had pled guilty pursuant to Rule 11(c)(1)(C) were largely ineligible for sentence reductions. This was because "[w]hen the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district

---

[2] Those limited circumstances, which are not applicable here, arise when "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B).

court to reduce an otherwise final sentence that is based on the amended provision." Dillon v. United States, 560 U.S. 817, 821 (2010) (emphasis added). Rule 11(c)(1)(C) sentences, however, were thought to be based on the plea agreement itself, not the guidelines. See United States v. Austin, 676 F.3d 924, 930 (9th Cir. 2012). Indeed, in Austin, this Court held that "'the mere fact that the parties . . . may have considered the Guidelines in the course of their negotiations does not empower the court under § 3582(c)(2) to reduce the term of imprisonment they ultimately agreed upon.'" Id. at 928 (quoting Freeman v. United States, 564 U.S. 522, 534-37 (2011) (Sotomayor, J., concurring)). The Austin panel identified narrow exceptions to this general rule, namely when the agreement "call[ed] for the defendant to be sentenced within a particular Guidelines sentencing range" or "ma[de] clear that the basis for the specified term [was] a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." See id. at 928 (quoting Freeman, 564 U.S. at 538-39 (Sotomayor, J., concurring)).

An en banc panel of the Ninth Circuit turned that analysis on its head, however, when it overruled Austin in United State v. Davis, 825 F.3d 1014 (9th Cir. 2016), and held that "'[e]ven when a defendant enters into an 11(c)(1)(C)agreement, the judge's decision to accept the plea and impose the recommended sentence is likely to be based on the Guidelines; and when it is, the defendant should be eligible to seek § 3582(c)(2) relief.'" Id. at 1026 (quoting Freeman, 564 U.S. at 534). The Davis court explained that the pertinent inquiry is whether the sentencing judge's decision was based on the guidelines as opposed to solely whether the parties manifested such an intent in the agreement itself. The panel reasoned that: (1) "[f]ederal sentencing law requires the district judge to impose sentences that comply with the purposes of federal sentencing, in light of the Guidelines and other § 3553(a) factors"; (2) "[a]lthough the Rule permits the defendant and the prosecutor to agree on a specific sentence, it preserves the district court's independent obligation to exercise its discretion and review the proposed sentence"; and (3) the Guidelines policy statements that apply to Rule 11(c)(1)(C) plea

3

agreements and § 3582(c)(2) motions support [its] approach." Id. at 1026-27 (internal citations and quotation marks omitted).

Even assuming, however, that Defendant's original sentence was based on the guidelines and that he was thus entitled to seek a reduced sentence, Defendant is not eligible for a reduction because, except under circumstances not applicable here, the Court may not resentence Defendant to a sentence that is below the bottom of the amended guideline range. Id., § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."). When Defendant was originally sentenced, it was pursuant to a Total Offense level of 38, Criminal History Category I, and a guideline range of 235-293 months. Defendant's amended Total Offense Level would be 36, which, along with a Criminal History Category I, results in a guideline range of 188-235 months. Because the low-end of the adjusted range exceeds Defendant's actual 168-month sentence, Defendant is ineligible for a reduction, and the Court affirms its prior denial of his Motion (ECF No. 466). See United States v. Leniear, 574 F.3d 668, 674 (9th Cir. 2009).

IT IS SO ORDERED.

Dated: May 4, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE